DeBerry v. Hurt.

CAROLINE DeBERRY v. ROBT. B. HURT.

1. CHANCERY PLEADING. *Answer.* The statements of the answer which are responsive to the allegations of the bill are evidence for the defendant; but statements in the answer in avoidance of the allegations of the bill are not, and must be supported by proof.

2. EMANCIPATION. *Will. Legacy.* A will contained the following clause: " I give and bequeath to Absalom DeBerry, my executor and administrator, my man Donelson, for the purpose and intention as hereinafter mentioned, viz: . . . I will him to be set free, and if the laws of the State will not allow it to be done, that he be permitted to go to a State where he will be free and not be a slave; and I also give to my executor the sum of five hundred dollars, in trust, to be given to my negro man Donelson when he may be set free, or go off to act for himself, or do with it as the circumstances and situation of said Donelson may seem most prudent and proper." *Held,* that the emancipation of the slave was not a condition precedent to the vesting of the legacy. The executor was charged with a trust to pay him the legacy if he became free, under the laws of the State, or emigrated to a free State, and if he remained in the State, and could not be legally emancipated, then to the investment of it for his best interest under the circumstances.

Cases cited: Nelson v. Smithpeter, 2 Col., 13; Jamison v. McCoy, 5 Heis., 108; Lynch v. Bevits, 1 Heis., 600.

FROM MADISON.

Appeal from the Chancery Court. JAS. FENTRESS, Chancellor.

TALBOT & LEIPER for complainant.

CARUTHERS & MALLORY for defendant.

DEADERICK, J., delivered the opinion of the court.

Complainant appeals from the decree of the Chancery Court at Jackson dismissing his bill.

The bill was filed in April, 1870, by the administrator of Donelson DeBerry, deceased, formerly the slave of Allen DeBerry, deceased, and emancipated by his will in 1847.

The provisions of the will as to Donelson are: " I give and bequeath to Absalom DeBerry, my executor and administrator, my man Donelson, for the purpose and intent as hereinafter mentioned, viz: In consideration of Donelson being my body servant, and his good behavior, I wish him to be set free, and if the laws of the State will not allow it to be done, that he may be permitted to go to a State where he will be free, and not be a slave. And I also give to my executor, Absalom DeBerry, the sum of five hundred dollars, in trust, to be given to said negro man Donelson when he may be set free, or go off to act for himself, or to do with it as the circumstances and situation of said Donelson may seem most prudent and proper."

The bill was demurred to, the demurrer was overruled, and defendant answered, admitting the provisions of the will as set out in the bill, but insisting that Donelson was never emancipated, or sent to a free State, and died before compliance with the conditions upon the performance of which he was entitled to the payment of the five hundred dollar legacy.

The bill further states, that under the discretion allowed in the last part of the clause set out in the bill, the respondent and his testator provided, and fur-

nished, and paid the said Donelson, on said legacies, various articles and sums of money, to the full value of said legacy; that Absalom DeBerry provided him with fifteen or twenty acres of good land, and furnished him the means to build a house thereon; and that the five hundred dollars was thus paid Donelson in his life-time. Donelson was never formally freed, but was allowed by the executor to live to himself and enjoy the fruits of his own labor until 1859, when he died.

The cause was heard upon bill and answer, and the bill was dismissed, upon the assumption, as we infer from the argument, that the complainant had set the cause for hearing upon bill and answer, and that the answer was therefore taken as true, the parts setting up matter in avoidance, as well as that directly responsive to the bill.

The record, however, does not show that the cause was set for hearing by complainant, but simply that it " was heard upon bill and answer."

The answer, therefore, was evidence only so far as it was responsive to the bill, and the alleged payments, or other matter in avoidance, could not be taken as true, but should have been established by proof.

It is manifest from the clause of the will quoted, that the primary, and, indeed, the object of the testator was to confer freedom and a legacy of five hundred dollars upon Donelson when he should be set free, or " go off to act for himself," and the instructions to the trustee or executor were in substance to

DeBerry *v.* Hurt.

dispose of the five hundred dollars for the benefit of Donelson, as his circumstances and situation required. The defendant seems from his answer to have pursued the spirit of this direction of the will in furnishing a house, land, horse, provisions, and money to Donelson upon the idea that he was fulfilling the requirements of the will.

If these facts alleged in the answer are sustained by proof, they should abate, *pro tanto* or in full, as the case may be, the legacy. But we do not think that testator designed to require, as a condition precedent to the payment of the legacy, that Donelson should be formally emancipated or leave the State, or forfeit the legacy. On the contrary, it is clear that his chief object was to secure to him the benefit of the five hundred dollars, and directed it to be paid to him when set free, or when he should go off to act for himself; or if neither of these contingencies should happen, the executor was directed to do with it (for the benefit of Donelson) as his situation and circumstances required.

The right to his freedom, and to the legacy vested in Donelson by the will of his late master and his administratrix, may maintain a suit for the recovery of any balance of it which may be due: 2 Cold., 13; *Jamison, adm'r,* v. *McCoy,* MS., Jackson, April Term, 1871; *Lynch* v. *Bevits,* 1 Heis., 600.

The decree of the Chancellor will be reversed, and the cause remanded for an account and further proceedings.